Angle, J.
This is an action by a vendor to foreclose a land contract, in which the plaintiff recovered, and on the *513 taxation of costs the per cent provided by section 3252 was allowed to the plaintiff.
I regard the case of Randolph agt. Stedman (4 Abb., 262 ; 3 E. D. Smith, 648), as an authority against the allowance of this item. That was an action to foreclose a mechanics’ lien and arose under section 308, Code of Procedure, the provisions of which are embodied in section 3252 of the Code of Civil Procedure. In it the court say: “ It is suggested that the course of procedure is analogous to the foreclosure of a mortgage in which case an extra allowance may be granted. It is very true that this proceeding is analogous to the foreclosure of a mortgage, for which alone provision has been made in the section referred to. It is also suggested that it is in the nature of a claim upon real property; but it is not in the language of the statute a proceeding for the determination of claims to real property. As it falls, therefore, within none of the cases provided for by section 308, there is no authority for granting an extra allowance.” Daly, J., at the conclusion of his opinion, says: “ As the point is suggested for the first time, I have conferred with my brethern and they agree with me that we have no power to grant an extra allowance in such a case.” When the above decision was made, section 308, Code Procedure, gave the court power to make allowance, instead of declaring, as section 3252, Code Civil Procedure does, that the plaintiff was entitled to the allowance in certain cases; but that can make no difference in the question of construction here involved.
In M’Mulkin agt. Hovey (46 How., 405), in an action on the part of a vendor to compel the vendee to complete a land contract the special term said, obiter, that it was not one of the actions named in section 308, Code Procedure. The item complained of must be stricken out.
The clerk was perhaps misled by note C, Bliss’ Code (vol. 2, p. 990, to sec. 3252), that “ allowances may be granted in proceedings to foreclose a mechanic’s lien,” citing Randolph agt. Foster (supra), but as we have seen the case does not so *514 hold. The same note “ C ” also says, the allowance may be granted in an action to compel specific performance of a contract for the sale of real estate, citing Weeks agt. Southwick, (12 How., 170); but as I read that case the court said (p. 171) “ nor is this a case for an extra allowance. The action is not brought to recover money or property, but merely for equitable relief. Such a case is not within the provisions of three hundred and eighth section of the Code.”
The motion is granted, without costs.